UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAN MAY YEN, | CASE NO. 2:24-cv-00919-JHC |
| Plaintiff, | ORDER |
| v. | |
| KO CHEUK YIN, | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Temporary Restraining Order (TRO).  Dkt. # 10.  Plaintiff claims that Defendant, "without authorization, has copied, reproduced, and distributed Plaintiff's copyrighted work by incorporating it into a product sold through Amazon" in violation of 17 U.S.C. § 106.  Dkt. # 1 at 3.  Defendant brings counterclaims against Plaintiff for malicious prosecution, defamation, and abuse of process.  Dkt. ## 8-1 at 3–4, 9 at 3–4.  Defendant says that Plaintiff "filed a false copyright infringement claim against [Defendant], resulting in the suspension of the product listing" on Amazon.  Dkt. # 10 at 2.  Defendant says that Plaintiff does not own the copyright, and that the materials at issue "are not original or exclusive to" Plaintiff.  *Id.*  Both parties are self-represented.  *See* Dkt.

ORDER - 1

Plaintiff sells the alleged copyrighted work, "Excel Shortcut Keys Mouse Pad - Extended Large XL Cheat Sheet Gaming Mousepad," on Amazon.com. Dkt. # 1 at 2. Defendant has sold a similar product on Amazon.com called "Excel Shortcuts Mouse Pad, 31.5"x11.8" Keyboard Shortcut Mousepad." *Id.* at 3. Plaintiff alleges that Defendant's product "replicates the exact arrangement and substantial part of the design of Plaintiff's work, including 11 list tables and colorful heading titles with specific curves, as well as exercise diagrams at the bottom." *Id.*

On June 13, 2024, Plaintiff filed a copyright infringement complaint with Amazon, and Amazon removed Defendant's listing. *Id.* at 2. On June 18, 2024, "Defendant submitted a Counter-Notification under § 512(g) of the Digital Millennium Copyright Act (DMCA), claiming a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification." *Id.* at 3. Amazon notified Plaintiff "that the infringing material [would] be reinstated unless Plaintiff provide[d] notice that a lawsuit has been filed against the counter-noticing party within 10 business days." *Id.* Plaintiff then filed this lawsuit and Defendant's Amazon listing has not been reinstated. Dkt. # 10 at 2.

In the motion for TRO, Defendant asks the Court to prohibit Plaintiff "from continuing to make or enforce false copyright infringement claims against" Defendant and to "[o]rder the immediate reinstatement of [Defendant's] product listing on Amazon.com." *Id.* at 3.

The legal standards for a preliminary injunction and a TRO are "substantially identical." *Stuhlbarg Int'l Sales Co v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO, a plaintiff must show that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of" a TRO; (3) "the balance of equities tips in [their] favor"; and (4) a TRO "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008))

ORDER - 2

(called the *Winter* factors).  The purpose of a TRO "is to preserve the status quo and prevent irreparable harm[.]"  *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012).

"Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages."  *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).  Financial loss that can be remedied by an award of damages generally does not constitute irreparable harm.  *See E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021).  Reputational harm may constitute irreparable harm.  *Shapiro v. Hasbro, Inc.*, No. CV1605750BROAJWX, 2016 WL 9024810, at *9 (C.D. Cal. Aug. 15, 2016); *see Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("[I]ntangible injuries, such as damage to ongoing recruitment efforts and goodwill, qualify as irreparable harm.").  However, "conclusory statements and theoretical arguments supporting such harm are insufficient" to show irreparable harm to the moving party's reputation.  *Ontel Prod. Corp. v. Brownstone Res., LLC*, No. SACV2101359JVSDFMX, 2021 WL 6103538, at *6 (C.D. Cal. Aug. 20, 2021).

Defendant does not show a likelihood of success on the merits.  The motion provides only conclusory statements about the merits.  It refers to "evidence" but cites no such evidence in the record.  It provides no legal analysis regarding the elements of the causes of action asserted by Defendant.

Nor does the motion explain how, as a legal matter, this Court could order Amazon, a non-party, to "reinstate" a product listing.  A TRO can bind only "the parties;" "the parties' officers, agents, servants, employees, and attorneys;" and "other persons who are in active concert or participation with" the parties.  Fed. R. Civ. P. 65(d)(2)(A)–(C).  Amazon has not been named in this case.  *See* Dkt. ## 8, 9.  "When a plaintiff seeks injunctive relief based on

claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Defendant also fails to show likelihood of irreparable harm. Defendant says that "[t]he ongoing suspension of the product listing is causing irreparable harm to [Defendant's] business, including significant financial losses and damage to business reputation." Dkt. # 10 at 3. Defendant's financial losses can be compensated through the award of damages and, as characterized thus far, are not irreparable. Defendant does not provide any other details about the harm to their reputation beyond the conclusory statement quoted above. Thus, Defendant has failed to show that they are likely to suffer irreparable harm in the absence of a TRO.

Given the foregoing, the Court need not address the other *Winter* factors. *See* <u>Welchen v. Harris</u>, No. 2:16-CV-00185-TLN-KJN, 2016 WL 430517, at *3 (E.D. Cal. Feb. 4, 2016). The Court therefore DENIES this motion.

Dated this 22nd day of July, 2024.

                                                      John H. Chun
                                                      United States District Judge