UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAN MAY YEN,<br><br>              Plaintiff,<br><br>  v.<br><br>KO CHEUK YIN,<br><br>              Defendant. | CASE NO. 2:24-cv-00919-JHC<br><br>ORDER |

       This matter comes before the Court sua sponte. Plaintiff claims that Defendant, "without authorization, has copied, reproduced, and distributed Plaintiff's copyrighted work by incorporating it into a product sold through Amazon" in violation of 17 U.S.C. § 106. Dkt. # 1 at 3.

       On June 26, 2024, the Court directed Plaintiff to comply with filing requirements under Local Civil Rule 3(a) requiring parties to include a completed Form AO 121 when filing a copyright case. Dkt. # 5. On July 5, 2024, Plaintiff filed the form. Dkt. # 7. On the form, Plaintiff indicated that the copyright registration was "pending." *Id.*

       Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made

ORDER - 1

in accordance with this title." A copyright claimant may commence an infringement suit only after the U.S. Copyright Office registers the copyright. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019). Registration occurs "when the Copyright Office grants registration," not when the copyright owner submits the copyright application materials to the Copyright Office. *Id.* at 302. There is an exception for copyright owners who are "preparing to distribute a work of a type vulnerable to predistribution infringement," such as a "movie or musical composition[.]" *Id.* at 301.

District courts, in their discretion, may sua sponte dismiss a case for failure to state a claim if "the plaintiffs cannot possibly win relief." *Shoop v. Deutsche Bank Nat. Tr. Co.*, 465 F. App'x 646, 647 (9th Cir. 2012) (internal citation omitted); *see also Jefferies v. D.C.*, 916 F. Supp. 2d 42, 44 (D.D.C. 2013) ("Courts may dismiss the action *sua sponte* under Rule 12(b)(6)." (internal citations omitted)).

District courts sua sponte dismiss copyright claims for failure to register a copyright prior to bringing a suit. *See Hosseinzadeh v. Werlin*, No. SACV151048DOCJCGX, 2016 WL 7508181, at *4 (C.D. Cal. Jan. 14, 2016); *Patrick Collins, Inc. v. John Does 1-7*, No. 12 CV 2963 VB, 2012 WL 1889766, at *2 (S.D.N.Y. May 24, 2012); *TI Training Corp. v. FAAC, Inc.*, No. 1:09CV00973-WYD-MER, 2010 WL 2490535, at *3 (D. Colo. June 15, 2010); *see also Lafarga v. Lowrider Arte Mag.*, No. SACV11-1501 DOC MLGX, 2012 WL 3667441, at *5 (C.D. Cal. Aug. 24, 2012) (sua sponte ordering plaintiff to show cause as to "why the Court should not dismiss this case for failure to allege copyright registration"). These courts determine that registration under § 411(a) is a mandatory precondition to filing a copyright infringement action. *Lafarga,* 2012 WL 3667441, at *5; *TI Training Corp.*, 2010 WL 2490535, at *3. Here, according to Plaintiff's Form AO 121, the copyright is not yet registered, and "Excel Shortcut

Keys Mouse Pad - Extended Large XL Cheat Sheet Gaming Mousepad" is not "particularly vulnerable to predistribution." *Fourth Est. Pub. Benefit Corp.*, 586 U.S. at 301.

The Court ORDERS Plaintiff to show cause by July 29, 20224, as to why the Court should not dismiss Plaintiff's claims for failure to register the copyright at issue. The Court STAYS the motion to seal at Dkt. # 11.

Dated this 22nd day of July, 2024.

John H. Chun
United States District Judge

ORDER - 3